# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DAMARIS RUPERTO,**

**Plaintiff,**

**-vs-** **Case No. 6:04-cv-793-Orl-18KRS**

**H&R CONCEPTS, LLC, HERON MILAN, RICHARD JULYLIA,**

**Defendants.**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT (Doc. No. 15)** |
| **FILED:** | **March 1, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

## I. PROCEDURAL BACKGROUND.

On May 24, 2004, plaintiff Damaris Ruperto[1] filed a complaint alleging two counts of violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and section 448 of

---

[1] The complaint identified the plaintiff as "Damaris Ryperto." However, subsequent papers filed in this case repeatedly refer to "Damaris Ruperto," so that is the name that I use in this report.

the Florida Statutes. Doc. No. 1. In Count I, Ruperto alleged that the defendants, H&R Concepts, L.L.C. ("H&R"), Heron Milan, and Richard Julylia failed to pay her minimum wages for work she performed between January 29, 2004, and March 3, 2004, in violation of the FLSA. Doc. No. 1 ¶ 12.

All three defendants were served with the complaint. Doc. Nos. 6-8. None of the defendants appeared or answered the complaint. Accordingly, in response to a motion filed by Ruperto, the clerk of court entered a default against all three defendants on July 29, 2004. Doc. No. 10. The motion for default judgment is now ripe for consideration.

## II. STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the plaintiff's complaint, which are assumed to be true, provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in a complaint to determine whether a plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The defaulting defendant does not admit the amount of damages to be awarded. *See Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated his duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed the work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable

inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*

**III. ALLEGATIONS OF THE COMPLAINT.**

H&R is a Florida limited liability company that operates a janitorial service in Osceola County, Florida. Doc. No. 1 ¶ 5. H&R employed Ruperto as a janitorial worker at assigned locations in Kissimmee/St. Cloud, Florida between January 29, 2004, and March 3, 2004. *Id.* ¶ 4, 12. H&R employed Ruperto and, while so employed and carrying out her duties as an employee, Ruperto engaged in commerce. *Id.* ¶¶ 5-6. H&R is also an enterprise engaged in commerce or the production of goods for commerce under the FLSA. *Id.* ¶ 7.

Milan and Julylia were managing members, owners, or officers of H&R at all times material to this case. *Id.* ¶ 9. Milan and Julylia were substantially in control of terms and conditions of Ruperto's work. *Id.*

H&R paid Ruperto $4.00 per hour for janitorial work she performed. *Id.* ¶ 12.

**IV. EVIDENCE REGARDING DAMAGES.**

In support of her default judgment motion, Ruperto filed her own affidavit and the affidavit of her attorney, Charles L. Scalise. In her affidavit, Ruperto avers that she worked a total of 34 days for H&R, and worked five hours per day. Doc. No. 15 ex. 2 ¶ 4. In total, she worked 170

hours, for which she was compensated $4.00 per hour. *Id.* She claims that she is owed minimum wages in the amount of $875.50. *Id.* ¶ 5.[2]

In his affidavit, Scalise avers that he worked 7.8 hours on this case, and that his hourly fee is $250.00. Doc. No. 15 ex. B ¶ 5.[3] Scalise further avers that $250.00 per hour is a reasonable rate for an attorney of his experience in Orlando, Florida, where he practices. *Id.* ¶¶ 2, 4. Scalise sets out specific billing time entries accounting for the work he performed in this case. *Id.* ¶ 7. Finally, Scalise submits that Ruperto incurred $485.00 in costs for the Court's filing fee and the cost of serving the defendants with process. *Id.* ¶ 6.

**V. ANALYSIS.**

A. *Liability.*

1. Count I: FLSA Claim.

The FLSA states that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of good for commerce, . . . not less than $5.15 an hour . . . ." 29 U.S.C. § 206(a). Thus, in order to establish a claim for unpaid minimum wages under the FLSA, Ruperto must establish the following:

---

[2] Although Ruperto offers no explanation for how she calculated this amount, it is fairly clear that it is the product of the statutory minimum wage of $5.15 per hour and 170 hours.

[3] At paragraph five of his affidavit, Scalise claims to have performed 8.0 hours of work in this case. However, in the same paragraph, the total amount of attorney's fees he seeks reflect 7.8 hours of work at his hourly rate. In addition, the billing time entries set out at paragraph seven of this complain account for precisely 7.8 hours of work. Thus, I find that Scalise's affidavit supports a request for 7.8 hours' worth of attorney's fees.

First[,] that [she] was employed by [H&R] during the time period involved;

Second[,] that [she] was engaged in commerce or in the production goods for commerce; and

Third[,] that the defendant failed to pay the minimum wage required by law.

Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

By failing to answer the complaint, the defendants admit that Ruperto was employed by H&R between January 29, 2004, and March 3, 2004. They admit that Ruperto was engaged in commerce in her job as a janitorial worker. They further admit that they paid Ruperto $4.00 per hour and, hence, failed to pay minimum wages for work she performed. This is sufficient to establish that H&R is liable to pay Ruperto overtime wages she is owed for her work.

With respect to Milan and Julylia, "'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid [minimum] wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

By failing to answer the complaint, Milan and Julylia admitted that they were owners or officers of H&R, and that they were substantially in control of the terms and conditions of Ruperto's work. This is sufficient to establish that Milan and Julylia are also liable to pay Ruperto overtime wages owed for her work.

2. Count II: Claim Arising Under Florida State Law.

Count II of the Complaint purports to state a claim for unpaid wages under chapter 448, Florida Statutes, and Florida common law. Chapter 448 does not provide a private right of action to collect unpaid wages. Ruperto has not cited to any case law authorizing such a right of action under chapter 448, and I have found none. Accordingly, none of the defendants is liable to Ruperto under Count Two of the Complaint.

B. *Damages.*

An employer who violates the FLSA's minimum wage provision is liable to the employee for "unpaid minimum wages." 29 U.S.C. § 216(b). When, as here, the defendant has not presented a defense that the failure to pay minimum wages was in good faith, the Court must also require the employer to pay liquidated damages equal to the amount of the unpaid minimum wage. *See* 29 U.S.C. § 216(b); *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979).

Ruperto's affidavit establishes that she worked a total of 170 hours, for which she was paid $4.00 per hour. Thus, for each hour she worked, H&R failed to pay her $1.15 in minimum wages,[4] and the total of unpaid minimum wages that Ruperto's affidavit establishes is $195.50.[5] In addition, because H&R, Milan, and Julylia have not presented a defense, Ruperto is entitled to an

[4] The minimum wage ($5.15 per hour) – hourly rate H&R paid Ruperto ($4.00 per hour) = unpaid minimum wage ($1.15 per hour).

[5] Hourly unpaid minimum wages ($1.15) multiplied by total number of hours worked (170) equals $195.50.

additional $195.50 in liquidated damages. Thus, the damages to which Ruperto is entitled total $391.00.

C. *Attorney's Fees and Costs.*

Ruperto filed the affidavit of her attorney, Charles Scalise, in support of her motion for attorney's fees. Specifically, she seeks a total of $1,950.00 in fees reflecting 7.8 hours of work at an hourly rate of $250.00. In addition, Scalise's affidavit sets out the expenditures that account for Ruperto's claim for $485.00 in costs.

The FLSA provides for an award of attorney's fees and costs. 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each

attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)). It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

Scalise has been licensed in Florida since 1988, and he specializes in employment law. Doc. No. 15 ex. B ¶ 4. I find that his hourly rate is reasonable, in the absence of objection, in light of his experience and the work he performed in this matter.

Some of the hours Scalise claims are not reasonably chargeable to the defendants. On October 14, 2004, December 13, 2004, and December 27, 2004, Scalise spent 0.5 hours reviewing orders to show cause and responding thereto. These orders issued because Scalise failed to move for entry of a default judgment within the time required by the Federal Rules of Civil Procedure and this Court's local rules. Time spent correcting an error by counsel is not appropriately charged to the opposing party. *See, e.g., Brother v. Miami Hotel Inv., Ltd.*, 341 F. Supp. 2d 1230, 1238 (S.D. Fla. 2004).

Accordingly, in the absence of objection, I find that Scalise reasonably worked 7.3 hours at $250.00 per hour for a total attorney's fee award of $1,825.00.

Ruperto seeks an award of costs in the amount of $485.00. This amount reflects the filing fee ($150.00) and the costs of serving process in this case ($335.00). Doc. No. 15 ex. B ¶ 6. I find, in the absence of objection, that Ruperto is entitled to an award of costs in the amount requested.

## VI. RECOMMENDATION.

For the reasons stated herein, I respectfully recommend that the court grant in part and deny in part the Motion for Entry of Default Final Judgment, doc. no. 15. I further recommend that the Court order the defendants, jointly and severally, to pay to Damaris Ruperto the sums of $195.50 in overtime wages, $195.50 in liquidated damages, $1,825.00 in attorney's fees, and $485.00 in costs, for a total damage award of $2,701.00. I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 17, 2005.

Karla R. Spaulding
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy